IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MARCO ANTIONIO RIOS-LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-06-514-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| LAWRENCE WASDEN, Idaho | ) | |
| Attorney General, and VAUGHN | ) | |
| KILLEEN, Director of Idaho | ) | |
| Department of Correction, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This case was reassigned to this Court for lack of all parties' consent to the jurisdiction of a United States Magistrate Judge. Pending before the Court in this habeas corpus action is Respondent's Motion for Partial Summary Dismissal (Docket No. 6). Having reviewed the record, the Court finds that oral argument is unnecessary. Accordingly, having considered the arguments of the parties, the Court enters the following Order granting the Motion for Partial Summary Dismissal.

## MOTION FOR PARTIAL SUMMARY DISMISSAL

### A.    Standard of Law for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

**MEMORANDUM DECISION AND ORDER 1**

district court."   In such case, the Court construes the facts in a light most favorable to the

petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of

facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281

(9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and

doing so does not convert a motion for summary dismissal into a motion for summary

judgment.  *Id.*   Accordingly, the Court shall take judicial notice of those portions of the

state court record lodged by the parties.

        A federal habeas petitioner must first exhaust his state court remedies as to all of

his constitutional claims before presenting them to the federal court.  *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842 (1999).  Unless a petitioner has exhausted his state court

remedies relative to a particular claim, a federal district court may deny the claim on its

merits, but it cannot otherwise grant relief on such unexhausted claims.  28 U.S.C. §

2254(b).  The petitioner can satisfy the exhaustion requirement by showing that (1) he has

"fairly presented" his federal claim to the highest state court with jurisdiction to consider

it (proper exhaustion), or (2) that he did not present the claim to the highest state court,

but no state court remedy is available when he arrives in federal court (improper

exhaustion).  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

        To exhaust a habeas claim properly, a habeas petitioner must invoke one complete

round of the state's established appellate review process, giving the state courts a full and

---

        [1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*,
501 U.S. 104 (1991).

**MEMORANDUM DECISION AND ORDER 2**

fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 32.

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

In *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003), the Ninth Circuit held that citing to either a federal or a state case analyzing a federal constitutional issue is considered proper presentation of a federal claim. However, in *Casey v. Moore*, 386 F.3d 896, 912 (9th Cir. 2004), the Ninth Circuit clarified that where "the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issue, the federal claim is not fairly presented." In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court further clarified that, "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing." *Id*. at 1000 (citing *Baldwin*).

**MEMORANDUM DECISION AND ORDER 3**

Improperly exhausted claims are deemed "procedurally defaulted."  Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2)  when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed above; or (3)  when the Idaho courts have rejected a claim on an independent and adequate state procedural ground.  *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Finally, when the federal district court performs a review of a habeas corpus petition, a petition from a state prisoner "who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel."  *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

**B.**    **Background**

Petitioner was convicted of three counts of trafficking drugs and three counts of failure to affix illegal drug stamps after a jury trial in the Fifth Judicial District Court in

**MEMORANDUM DECISION AND ORDER 4**

Blaine County, Idaho.  Judgment of conviction was entered on October 17, 2001.

Petitioner was sentenced to an aggregate term of 48 years, with 24 years fixed.

Petitioner filed a direct appeal.  The Idaho Court of Appeals affirmed the

conviction and sentence.  The Idaho Supreme Court denied the petition for review on

October 17, 2003.

Petitioner next filed a petition for post-conviction relief in the state district court.

His petition was summarily dismissed on October 15, 2004.  It appears that the Court of

Appeals affirmed dismissal on appeal, and that Petitioner's petition for review was

subsequently denied by the Idaho Supreme Court on December 23, 2005.

In Petitioner's federal Habeas Corpus Petition, it appeared that he intended to

bring 16 claims; however, Claims 1-4 were not included.  Petitioner has clarified that he

will not supplement his Petition with those claims, *see Petitioner's Response*, p. 3

(Docket No. 17); as a result, the Petition consists of the following claims: (5) denial of his

Fifth, Sixth, and Fourteenth Amendment rights by the district court and the prosecution

by allowing a paid felon informant to testify in exchange for a reduced sentence; (6)

denial of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights by providing jurors

with a transcript of unidentified voices labeled with Petitioner's name attributing the

testimonial translated statements as evidence and not permitting the jurors to hear the

actual audio of the conversations; (7) denial of Petitioner's Eighth Amendment right to be

free of excessive, arbitrary, and unreasonable punishment in light of Petitioner's lack of

criminal record and speculative aggravating sentencing facts which defendant was denied

**MEMORANDUM DECISION AND ORDER 5**

a right to confront; (8) denial of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights by permitting related jurors to sit on his jury thereby creating a conflict of interest; (9) denial of effective assistance of trial counsel in violation of his Sixth Amendment right for failure to challenge the systematic under-representation of Hispanics on the jury panel; (10) denial of effective assistance of trial counsel by his failure to investigate and properly preserve and present an effective alibi defense which established that Petitioner was factually incapable of making a hand-to-hand sale to the paid informant when he was in another city (Twin Falls) at the time of the drug buy on December 14, 2000; (11) denial of effective assistance of trial counsel for failure to call Petitioner to testify on his own behalf; (12) denial of effective assistance of trial counsel for failure to call impeachment witnesses and failure to effectively cross-examine informant Vega to establish that he was a known perjurer; (13) denial of effective assistance of trial counsel for failure to call any witnesses on Petitioner's behalf to present mitigating evidence at the sentencing hearing; (14) denial of effective assistance of trial counsel for failure to challenge the search warrant; (15) denial of effective assistance of trial counsel for failure to raise, address, or preserve claims one through eight; and (16) denial of due process by the prosecutor's misconduct, including racial prejudice and appeals to racism and prejudice against foreigners.

In the pending Motion, Respondent argues that Claims Five through Nine and Eleven through Fifteen are procedurally defaulted.

**C.    Discussion**

**MEMORANDUM DECISION AND ORDER 6**

1.    <u>Claim Five</u>

Claim Five is that Petitioner was denied his Fifth, Sixth, and Fourteenth
Amendment rights by the district court and the prosecution by allowing a paid felon
informant to testify in exchange for a reduced sentence.  This was not presented to the
Idaho Appellate Courts on direct appeal or on appeal of the post-conviction petition.  *See
State's Exhibits B-4 and D-4.*  Because it is now too late to present this claim to the state
courts, the Court concludes that it is procedurally defaulted

2.    <u>Claim Six</u>

Claim Six is that Petitioner was denied his Fifth, Sixth, Eighth, and Fourteenth
Amendment rights when jurors were provided with a transcript of unidentified voices
labeled with Petitioner's name attributing the testimonial translated statements as
evidence and not permitting the jurors to hear the actual audio version of the
conversations.  As with Claim Five, Claim Six was not presented to the Idaho appellate
courts, and it is now too late to do so.  As a result, the Court concludes that it is
procedurally defaulted.

3.    <u>Claim Seven</u>

Petitioner's Claim Seven is that he was denied his Eighth Amendment right to be
free of excessive, arbitrary, and unreasonable punishment in light of his lack of a criminal
record and speculative aggravating sentencing facts which defendant did not have an
opportunity to confront.  While Petitioner appealed his *sentence* on direct appeal, he
relied on  state-law abuse-of-discretion grounds rather than federal law.  He did not

**MEMORANDUM DECISION AND ORDER 7**

mention the Eighth Amendment.  *See State's Exhibit B-4*, pp. 24-28.  The Idaho Court of

Appeals did not address the claim as an Eighth Amendment claim, but as a state-law

claim: "Given the nature of the offenses and the evidence of Rios-Lopez's character, we

cannot say that the sentences constitute an abuse of the trial court's discretion."  *See*

*State's Exhibit B-6*, p. 5.  The Court concludes that this claim is procedurally defaulted.

       4.     <u>Claim Eight</u>

Claim Eight is that Petitioner's Fifth, Sixth, and Fourteenth Amendment rights

were denied when jurors who were related to one another were permitted to sit on his

jury, thereby creating a conflict of interest.  Claim Eight was not presented to the Idaho

appellate courts, and it is now too late to do so.  The Court concludes that this claim is

procedurally defaulted.

       5.     <u>Claims Nine through Fifteen</u>

Claims Nine through Fifteen are all ineffective assistance of counsel claims.

Petitioner raised many claims in his post-conviction review.  However he raised only one

claim on appeal: "Did the district court err in granting the State's motion for summary

dismissal of Mr. Rios-Lopez's claim that he was denied the effective assistance of

counsel when counsel failed to conduct an investigation into whether Mr. Rios-Lopez was

in another city at the time of one of the alleged drug buys, thereby raising a genuine issue

of material fact that required an evidentiary hearing?"  *State's Exhibit D-4, at p.5*.  The

Idaho Court of Appeals addressed only that specific claim.  *State's Exhibit D-5*, pp. 1-2.

**MEMORANDUM DECISION AND ORDER 8**

As a result, only Claim Ten is not procedurally defaulted, and it is not, in fact, the subject of Respondent's Motion.  The Court agrees that the following claims are procedurally defaulted for failure to properly present them to the Idaho appellate courts: Claim Nine, ineffective assistance of trial counsel for failure to challenge the systematic under-representation of Hispanics on the jury panel; Claim Eleven, ineffective assistance of trial counsel for failure to call Petitioner to testify on his own behalf; Claim Twelve, ineffective assistance of trial counsel for failure to call impeachment witnesses and failure to effectively cross-examine  informant Vega to establish that he was a known perjurer; Claim Thirteen, ineffective assistance of trial counsel for failure to call any witnesses on Petitioner's behalf to present mitigating evidence at sentencing hearing; Claim Fourteen, ineffective assistance of trial counsel for failure to challenge the search warrant; and Claim Fifteen, ineffective assistance of trial counsel for failure to raise, address, or preserve claims one through eight for appeal.

**MEMORANDUM DECISION AND ORDER 9**

**D.      Conclusion**

The Court agrees with Respondent that Claims Five through Nine and Eleven through Fifteen are procedurally defaulted.  Petitioner may file a brief to show cause and prejudice or actual innocence if he wishes to try to excuse the default of these claims.

Petitioner may proceed to the merits of Claims Ten and Sixteen.  If he wishes to request an evidentiary hearing in his response when a motion for summary judgment is filed by Respondent, he may do so, but he must show that he meets the standard for the granting of an evidentiary hearing.

The United States Supreme Court recently clarified that the decision to grant an evidentiary hearing in federal habeas corpus cases governed by AEDPA "is left to the sound discretion of district courts."  *Schriro v. Landrigan*, 127 S. Ct. 1933 (U.S. 2007).  The *Landrigan* Court further explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitled the applicant to federal habeas relief.  Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.

*Id*. at 1940 (internal citations and punctuation omitted).  Therefore, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  *Id*.  For example, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record."  *Id*.

## ORDER

**MEMORANDUM DECISION AND ORDER 10**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Partial Summary Dismissal (Docket No. 6) is GRANTED.

IT IS FURTHER HEREBY ORDERED that all motions for summary judgment shall be filed no later than **April 30, 2008.**

IT IS FURTHER HEREBY ORDERED that Petitioner may file a brief to show cause and prejudice or actual innocence to excuse the default of his claims with his response to a motion for summary judgment filed by Respondent.

DATED:  **February 15, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER 11**